# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER SCOTT, <br> #R31806, <br><br>               Plaintiff, <br><br> vs. <br><br> M. SIDDIQUI, JANE DOE, and <br> GAIL WALLS, <br><br>              Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 18-cv-1482-SMY <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for consideration of Plaintiff's Response (Doc. 5) to the Court's Order to Show Cause why this case should not be dismissed for filing a fraudulent Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (Doc. 4). The Court finds that the allegation of poverty in Plaintiff's IFP Motion is untrue. (Doc. 2). He failed to disclose a $2,000 settlement that he received less than two months before filing this action. (Docs. 1, 2, and 5). Under the circumstances, the Court must deny Plaintiff's IFP Motion and dismiss this case. *See* 28 U.S.C. § 1915(e)(2)(A).

## Background

Plaintiff Christopher Scott is currently incarcerated at Menard Correctional Center ("Menard"). On August 10, 2018, he filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by officials at Menard. (Doc. 1). Plaintiff filed an IFP Motion along with the Complaint. (Doc. 2). In the IFP Motion, Plaintiff represented that he is indigent and unable to afford the $400 filing fee for this action, and he

1

requested leave to proceed as a poor person without prepaying the full filing fee. *Id.* (Doc. 2, p. 1).

Before screening the Complaint pursuant to 28 U.S.C. § 1915A, the Court deemed it necessary to address Plaintiff's IFP Motion. This was largely due to the fact that Plaintiff's request for pauper status was inconsistent with information set forth in the Complaint and trust fund statement. (Docs. 1 and 2). Specifically, in the Complaint, Plaintiff identified a civil rights action that settled during the six months preceding this action. (Doc. 1, p. 3). Plaintiff's trust fund statement included an unexplained deposit of $2000 during the relevant time period. (Doc. 2, p. 4). However, Plaintiff did not disclose the fact of or the amount of any settlement or list income he received from "any other sources," such as the $2000 deposit in his trust fund account in his IFP Motion. (Doc. 2, pp. 1-2).

On August 17, 2018, this Court entered an Order denying Plaintiff's IFP Motion and requiring him to Show Cause why this case should not be dismissed because of his failure to disclose this financial information in the IFP Motion. (Doc. 4). Plaintiff filed his Response to the Show Cause Order on August 24, 2018. (Doc. 5).

In his Response, Plaintiff confirmed that he did enter into a settlement agreement with Fe Fuentes, including a monetary settlement in the amount of $2,000. (Doc. 5, p. 9). He asserts that he did not disclose the settlement in his IFP Motion because he believed the confidentiality agreement prohibited him from doing so and because he believed the settlement funds did not constitute a "source of income." (Doc. 5, p. 2, 3, and 4). Plaintiff explains that $261.35 of the settlement was used to pay for a pending case in this Court, 17-1127-JPG-SCW, and that he no longer has the $2000. *Id.* He released $1000 from his prison trust fund account on June 25, 2018, bearing the description "personal, $1000 dollars, Chk #160434" to someone named "Scott,

2

Nor." (Doc. 2, p. 4). He also spent $197.76 on commissary items. *Id*. Plaintiff characterizes these omissions as "error" and "mistake," rather than a "failure to disclose." (Doc. 5, pp. 3-5).

## Discussion

The federal statute that authorizes parties to proceed *in forma pauperis* also compels district courts to "dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Any doubt about the statute's mandatory dismissal requirement is dispelled by the Seventh Circuit's admonition that once "the allegation of poverty [is proven] false, the suit ha[s] to be dismissed; the judge ha[s] no choice." *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) (citing 28 U.S.C. § 1915(e)(2)(A)). *See also Lofton v. SP Plus Corp*, 578 F. App'x 603, 604 (7th Cir. 2014)). The only remaining question under these circumstances is whether the dismissal should be with or without prejudice. *Thomas*, 288 F.3d at 306.

Although a district judge should generally consider lesser sanctions before dismissing a case with prejudice, the district court's authority to enter a dismissal with prejudice "in an appropriate case is beyond question." *Id*. The Seventh Circuit has explained that "[d]ismissal with prejudice may [be] the only feasible sanction for this [IFP application] perjury designed to defraud the government." *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011); *Thomas*, 288 F.3d at 306-07.

Plaintiff's allegation of poverty in the IFP Motion is clearly untrue. There is no question that he received $2,000 during the six month period preceding this action and well within the twelve-month disclosure period in the IFP application. (Doc. 2, p. 1; Docs. 2, 5). Plaintiff claims that he did not disclose this settlement because a confidentiality provision in his

settlement agreement with Fe Fuentes prohibited him from doing so, but the Court is not persuaded by this argument.

Plaintiff was not required to tell the Court that the $2,000 came from a settlement or identify which of his cases settled for this amount. In other words, the IFP application did not require Plaintiff to breach a confidentiality agreement. It simply required him to disclose the amount of his income, assets, and debts. (Doc. 2, pp. 1-2). The application offered him numerous opportunities for disclosure. For example, the applicant was asked to disclose whether he received income from "any other sources" during the past twelve months. (Doc. 2, p. 1). Plaintiff checked "no." *Id*. The application required Plaintiff to disclose the "[a]mount of money that [he] ha[s] in cash or in a checking or savings account." (Doc. 2, p. 2). He listed "0." *Id*. Finally, the application instructed him to disclose "[a]ny . . . other financial instrument or thing of value that [he]own[s], **including any item of value held in someone else's name**." *Id*. (emphasis added). He disclosed "0." *Id*. This was simply untrue.

Additionally, Plaintiff's decision to spend /release the majority of the settlement funds does not render him impoverished. "If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, he has demonstrated an implied evaluation of that suit that the courts should be entitled to honor." *See Merritte v. Templeton*, 493 F. App'x 782, 784-85 (7th Cir. 2012) (quoting *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997)). *See also Kennedy v. Huibregtse*, 2015 WL 13187300 (E.D. Wis. 2015) (dismissing case as sanction against IFP applicant who "hid from the court the fact that he had a separate account with four times the amount needed to pay [the] filing fee" while claiming he was "too impoverished" to pay the fee in advance of filing his lawsuit."). For these reasons, the Court finds that Plaintiff's

allegation in the IFP Motion is untrue, and this case must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(A).

The question that remains is whether dismissal should be with prejudice. *Thomas*, 288 F.3d at 306. As part of this decision-making process, the Court has considered lesser sanctions, including a written warning, fines, and dismissal without prejudice, and finds that dismissal *without* prejudice is the most appropriate sanction. Accordingly, Plaintiff may not pursue his claims in *this* action, given his misrepresentations to the Court in the IFP Motion, but may re-file his Complaint as a *separate* suit if he would like to do so. However, Plaintiff is **WARNED** that future omissions of financial information in an IFP application will result in harsher sanctions. These sanctions may include dismissal with prejudice and/or fines, among other things.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **DENIED** and this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) because Plaintiff's allegation of poverty in his Motion for Leave to Proceed *in forma pauperis* is untrue. **A separate Order regarding payment of the filing fee for this action will be entered.**

Plaintiff is **ADVISED** that this dismissal shall <u>not</u> count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133

F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk is **DIRECTED** to enter judgment and **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED: September 14, 2018**

<u>s/ STACI M. YANDLE</u>
**U.S. District Judge**